UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH D. REGISTRE,<br><br>      Plaintiff,<br><br>  v.<br><br>NEW DAWN TRANSPORTATION, DURHAM D&M LLC, ANGELA LOPEZ/MIKE, *Manager*,<br><br>      Defendants. | **MEMORANDUM & ORDER**<br>23-CV-771 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

On January 27, 2023, Plaintiff Joseph D. Registre, appearing *pro se*, filed this employment discrimination action against Defendants.[1] *See* ECF No. 1. Plaintiff also applied to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. For the reasons set forth below, the Court denies Plaintiff's application to proceed IFP with leave to either pay the filing fee or to submit the Court's long-form IFP application within 21 days.

The current total fee to file a civil case in this Court is $402. *See* 28 U.S.C. §§ 1914(a), (b). A litigant may request to waive the filing fee by filing an IFP application. A plaintiff seeking to proceed IFP must submit an affidavit stating, "that the person is unable to pay" filing fees "or give security therefor," and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute, 28 U.S.C. § 1915, is to provide indigent persons with equal access to the judicial system. The statute is "intended for

---

[1]  Plaintiff appears to name individual employees; however, such employees are not liable under the federal employment statutes, only the employer is liable under federal law. *Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61–62 (2d Cir. 2016); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002).

the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A Court may dismiss a case that has been filed IFP if the Court determines that the plaintiff's "allegation of poverty is untrue." 28 U.S.C. §1915(e)(2)(A). The Court has discretion to determine whether a plaintiff qualifies for IFP status. *See, e.g., Chowdhury v. Sadovnik*, No. 17-cv-2613, 2017 WL 4083157, at *2 (E.D.N.Y. Sept. 14, 2017).

The Court is not persuaded by Plaintiff's IFP application that he is unable to pay the Court's filing fee. Plaintiff indicates that he has gross pay of $1179, but does not specify whether this amount is weekly, biweekly, or monthly. *See* ECF No. 2 at 1. Significantly, Plaintiff also indicates that he has $3,956 in cash or in the bank. *Id.* at 2. Although Plaintiff lists expenses, he does not show that he is unable to pay the $402 filing fee. *Id.*

## **CONCLUSION**

Accordingly, Plaintiff's IFP application is denied without prejudice to file an amended IFP application or pay the filing fee. In order to proceed with this action, Plaintiff must do either of the following within 21 days: (a) file the Court's long-form IFP application, a copy of which is attached to this Order, or (b) pay the $402 filing fee to the Clerk of Court.

If Plaintiff fails to comply with this Order within the time allowed, and without showing good cause for an extension of time, the Court will dismiss the case without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to send a long-form IFP application with a copy of this Order to the Plaintiff and to note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
February 7, 2023